UNITED STATES DISTRICT COURT
IN THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| Alberto Benitez, Melody Lopez § | |
| Plaintiffs, § | |
| v. § | C.A. No. C-05-477 |
| § | |
| Del Mar College, Carlos A. Garcia, § | |
| Rosa Blanca Garcia, Stonewall Van Wie, § | |
| Jose Rivera, Gabriel Rivas, Anne Matula § | |
| Defendants. § | |

### ORDER AND MEMORANDUM OPINION GRANTING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGEMENT ON BENITEZ'S CLAIMS AGAINST DEL MAR COLLEGE

Pending before the Court is Defendants' Motion for Summary Judgment on Benitez Claims (D.E. 44). With respect to Benitez § 1983 claims against Del Mar College, the Defendants' motion is hereby GRANTED.

For Del Mar to be liable under § 1983, plaintiffs must establish that the alleged constitutional violations were in accordance with official government policy or custom. *Monell v. City of N.Y Dept. of Soc. Services*, 436 US 658 (1978). The policy can be established by the actions of one individual if the constitutional violations were carried out by "the final policy maker." *Tharling v. City of Port Lavaca*, 329 F.3d 422, 427 (5th Cir. 2003). State law determines whether a particular official is the final policy maker. *City of St. Luis v. Praprotink*, 485 US 112, 113 (1988). In Texas, final policy making authority for junior colleges lies in the board of regents. TEX ED CODE §§ 51.352(b),

1

51.353(a).  The Fifth Circuit recognized this is the case for school districts in *Jett v. DISD*, 7 F.3d 1241 (5th Cir. 1993).

The plaintiffs argue that Defendant Carlos Garcia, as the president of Del Mar, was the final decision maker for the purposes of expulsions, and that the board of regents is only the final authority for those matters it has not delegated to the president.  They argue that here, because the board does not approve or usually hear appeals on expulsions, they cannot be the final authority.  This argument fails.  The Texas statue and Fifth Circuit establish as a matter of law that school boards are the "final authority" for the purposes of § 1983 suits.  While President Garcia had discretionary authority to make certain decisions regarding expulsions, he was not responsible for establishing final governmental policy respecting the grounds and procedures of expulsions.  The Board of Regents promulgated rules governing these matters.

Plaintiff Benitez also alleges that civil rights abuses were so common as to become customary, but has not identified or alleged with specificity any other civil rights violations.

Finally, Plaintiff Benitez argues § 1983 liability against Del Mar is proper under *City of Canton v. Harris*, 489 U.S. 378 (1989), claiming that the Board's complete failure to train amounts to deliberate indifference to the constitutional rights of its students and employees.  *See also Burge v. St. Tammany Parish*, 336 F.3d 363, 369 (5th Cir. 2003).  Proof of deliberate indifference requires a showing of more than a single instance of the lack of training or supervision causing constitutional violations.  *Burge*, 336 F.3d at 370.

The record suggests that the Board did supervise and hold the President accountable for all matter governed by written policy, which includes those policies intended to safeguard civil and constitutional rights. (D.E. 47, Affidavit of Gabriel Rivas; D.E. 61, Excerpts from Deposition of Gabriel Rivas). Although there is testimony from Defendant Rivas that the board had not specifically directed the administration to receive any training, and although Defendant Rivas (the Chairman of the Board of Regents) did not know what training President Garcia and the other defendants had received. (D.E. 61, Excerpts from Deposition of Gabriel Rivas), this does not amount to a deliberate indifference to constitutional rights.  Furthermore, plaintiffs have not alleged a sufficient causal connection between the alleged failure to train and the alleged violations in this case.  The record shows that the Board of Regents was concerned with upholding and respecting the civil rights of its students and faculty.

Ordered this   6th   day of    September,    2006.

_____
HAYDEN HEAD
CHIEF JUDGE